Pearson, J.
 

 It is indictable at common law to cheat by means of false weight, or false measure; but when more than the proper amount is openly exacted, and is submitted to by the opposite party with a knowledge of the fact, there is no fraud, which is a necessary ingredient to constitute the offense. In respect to owners of public mills, in addition to this liability at common law, the statute imposes a penalty for the mere act of taking more than one-eighth part as toll for grinding corn and wheat, without reference to the question of fraud, Rev. Code, ch. 71, sec. 6. And by the 7th section, the owner is made liable to indictment for keeping in the mill “ a false toll-dish contrary to the true intent and meaning of this chap-
 
 *255
 
 tor.” The defendants are indicted under the 7th section, and the first question is, does the proof make out the offense? They kept in their mill two toll-dishes, one containing a seventh, and the other a sixth, of a half bushel. But it is insisted these were not false toll-dishes, for they contain the measure which they purport to hold, and to make them false, it is necessary they should contain more or less than they purport.
 
 W
 
 e admit that such is the ordinary' meaning of the word “ false” as applied to a measure, but we are satisfied such is not the sense in which it is used in the statute. The words “contrary to the true intent and meaning of this chapter,” are added to the Avords “ false toll-dish,” in order to explain the sense in which the Avord is used. According to the statute, the proper toll is one eighth ; the proper toll-dish isa measure containing one-eighth; and a
 
 false
 
 toll-dish, as contra distinguished from
 
 a proper
 
 one? is a measure which purports to be a toll-dish, and is used as such, but contains more than “ one-eighth.” In this sense, the defendants kept in their mill a false toll-dish.
 

 The defendants’ counsel moved in arrest of judgment for tAvo supposed defects in the bill of indictment. The draftsman confounded, to some extent, the common law offense of cheating by a false measure, the penal offensé under the 6th section of the statute for taking unlawful toll, and the indictable offense under the 7th section of keeping a false toll-dish; but by rejecting a part as surplusage, and by aid of the statute, Bev. Code, chap. 35, sec. 14, we think
 
 “■
 
 sufficient matter appears to enable the Court to proceed to judgment.” See
 
 State
 
 v. Boon, 4 Jones’ Rep. 463. A bill would be good in this form: The jurors &c., present, that A B on the first day of January, A. D. 1857, and from that day &c., was, and has been, the owner of a certain public mill, situate in the said county,
 
 for the pv/rpose of grinding wheat and corn for toll,
 
 and that on the 1st day of August, A. D. 1857, and on divers other days &c., the said A B, in his mill aforesaid, did keep a false toll-dish of the contents of more than
 
 one-eighth of a half bushel and peek of full
 
 measure,
 
 to
 
 wit,
 
 of the contente
 
 
 *256
 

 of one-seventh pa/rt of a half bushel,
 
 contrary to the form, &c,
 

 The first objection taken, that the bill does not allege tin-purpose for which the mill was used, would be fatal, but fo: the fact, by afterwards introducing the word toll-dish, in the connection that it was used, for the purpose of exacting moro toll than was lawful, it does appear, with ordinary certainty that it was a mill used for the purpose of grinding wheat anc. corn for toll. “ Taking toll” has a definite sense, although i is general; but when connected with the fact, that it wa. taken in a
 
 mill
 
 by means of a toll-dish, it becomes partícula), and, in the ordinary meaning of the word, necessarily convey ■ the idea of a mill for grinding wheat and corn for toll. It i' true, that other grain, e. g. rye and buckwheat, are sometime i ground; but it is a universal fact, that a mill used for grind ing grain at all, is always used to grind wheat or corn, o' both. It must also be observed, that the indictment pursue; the words of the statute, where there is the same want of precision, and the purpose of grinding wheat and corn is take), for granted ; and the regulation of toll for grinding is confined to those species of grain.
 

 The other objection, that the indictment does not aver the contents of the false toll-dish, so that the Court may know that it was more than one-eighth of a half bushel, is untenable. ¥e think it sufficient to aver that it was a false toll-dish, contrary to the form of the statute. The Court knows, from the statute, that one-eighth is the proper measure; so, of course, a false toll-dish is one, the contents of which is more, than one-eighth, and
 
 cui bono
 
 aver under a videlicet that it wa; one-seventh, when the averment would be sustained by proa of a measure of the contents of one-fifth or any other measure more than one-eighth ? Besides, in this respect, also, the in - dictment pursues the words of the statute, and if these words are sufficient to create an offense, they must, as a general rule, be sufficient to charge it;
 
 State
 
 v. Stanton, 1 Ire. Rep. 424, There is no error.
 

 Pek CukxaM, Judgment affirmed.